MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
FRANCISCO ALEJANDRO GONZALEZ
SANCHEZ, JOSE LUIS CORONA AVILA,
and LEONARDO SERRANO TORRES,
*individually and on behalf of others similarly*
*situated,*

                         *Plaintiffs*,

           -against-

GREEN GOURMET DELI CORP.  (d/b/a
GOURMET UNLIMITED), AHMED SALEH,
and HADI MOSED SALEH,

                       *Defendants.*
-------------------------------------------------------X

                      **COMPLAINT**

        **COLLECTIVE ACTION UNDER**
      **29 U.S.C. § 216(b) AND RULE 23**
             **CLASS ACTION**

                **ECF Case**

        Plaintiffs Francisco Alejandro Gonzalez Sanchez, Jose Luis Corona Avila, and Leonardo

Serrano Torres, individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and

belief, and as against Green Gourmet Deli Corp. (d/b/a Gourmet Unlimited), ("Defendant

Corporation"), Ahmed Saleh and  Hadi Mosed Saleh, ("Individual Defendants"), (collectively,

"Defendants"), allege as follows:

<u>**NATURE OF ACTION**</u>

      1.     Plaintiffs are former employees of Defendants Green Gourmet Deli Corp. (d/b/a

Gourmet Unlimited), Ahmed Saleh, and Hadi Mosed Saleh.

2.      Defendants own, operate, or control a gourmet deli, located at 593 10th Avenue, New York, New York 10036 under the name "Gourmet Unlimited".

3.      Upon information and belief, individual Defendants Ahmed Saleh and Hadi Mosed Saleh, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.      Plaintiffs were former employees of Defendants.

5.      Plaintiffs were employed as deli workers and a grill man and chef located at 593 10th Avenue, New York, New York 10036.

6.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime and spread of hours compensation for the hours that they worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.

§ 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs now bring this action as a class action under Rule 23 and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a gourmet deli located in this district.  Further, Plaintiffs were Gonzalez was employed by Defendants in this district.

## PARTIES
*Plaintiffs*

15.    Plaintiff Francisco Alejandro Gonzalez Sanchez ("Plaintiff Gonzalez" or "Mr. Gonzalez") is an adult individual residing in Bronx County, New York.

16.    Plaintiff Gonzalez was employed by Defendants at Gourmet Unlimited from approximately August 2015 until on or about August 2016.

17.    Plaintiff Jose Luis Corona Avila ("Plaintiff Corona" or "Mr. Corona") is an adult individual residing in Queens County, New York.

18.     Plaintiff Corona was employed by Defendants at Gourmet Unlimited from approximately June 2013 until on or about December 26, 2017.

19.     Plaintiff Leonardo Serrano Torres ("Plaintiff Serrano" or "Mr. Serrano") is an adult individual residing in Kings County, New York.

20.     Plaintiff Serrano was employed by Defendants at Gourmet Unlimited from approximately April 2013 until on or about December 2014.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a gourmet deli, located at 593 10th Avenue, New York, New York 10036 under the name "Gourmet Unlimited".

22.     Upon information and belief, Green Gourmet Deli Corp. (d/b/a Gourmet Unlimited) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 593 10th Avenue, New York, New York 10036.

23.     Defendant Ahmed Saleh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ahmed Saleh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Ahmed Saleh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Hadi Mosed Saleh is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hadi Mosed Saleh is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Hadi

Mosed Saleh possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

25.     Defendants operate a gourmet deli located in the Hell's Kitchen section of Manhattan in New York City.

26.     Individual Defendants, Ahmed Saleh and Hadi Mosed Saleh, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

27.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

28.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

29.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

30.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

31.     Upon information and belief, Individual Defendants, Ahmed Saleh and Hadi Mosed Saleh operate Defendant Corporation as either an alter ego of  themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

    f)  intermingling assets and debts of their own with Defendant Corporation,

    g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

32.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

33.    In each year from 2013 to 2017, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

35.    Plaintiffs are former employees of Defendants who were employed as deli workers and a grill man and chef.

36.    Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Francisco Alejandro Gonzalez Sanchez*

37.    Plaintiff Gonzalez was employed by Defendants from approximately August 2015 until on or about August 2016.

38.    Defendants employed Plaintiff Gonzalez as a deli worker.

39.    Plaintiff Gonzalez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

40.    Plaintiff Gonzalez's work duties required neither discretion nor independent judgment.

41.    Throughout his employment with Defendants, Plaintiff Gonzalez regularly worked in excess of 40 hours per week.

42.    From approximately August 2015 until on or about August 2016, Plaintiff Gonzalez worked as a deli worker from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Saturdays (typically 60 hours per week).

43.    Throughout his entire employment, Defendants paid Plaintiff Gonzalez his wages in cash.

44.    From approximately August 2015 until on or about August 2016, Defendants paid Plaintiff Gonzalez a fixed salary of $700 per week.

45.    Plaintiff Gonzalez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gonzalez regarding overtime and wages under the FLSA and NYLL.

47.    Defendants did not provide Plaintiff Gonzalez an accurate statement of wages, as required by NYLL 195(3).

48.    Defendants did not give any notice to Plaintiff Gonzalez, in English and in Spanish (Plaintiff Gonzalez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jose Luis Corona Avila*

49.    Plaintiff Corona was employed by Defendants from approximately June 2013 until on or about December 26, 2017.

50.    Defendants employed Plaintiff Corona as a grill man and chef.

51.    Plaintiff Corona regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

52.    Plaintiff Corona's work duties required neither discretion nor independent judgment.

53.    Throughout his employment with Defendants, Plaintiff Corona regularly worked in excess of 40 hours per week.

54.    From approximately June 2013 until on or about June 2016, Plaintiff Corona worked as a grill man from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 7:00 p.m., Sundays (typically 63 hours per week).

55.    From approximately June 2016 until on or about December 26, 2017, Plaintiff Corona worked as a chef from approximately 6:00 a.m. until on or about 3:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 6:00 p.m. Sundays (typically 57 hours per week).

56.    Throughout his entire employment, Defendants paid Plaintiff Corona his wages in cash.

57.    From approximately June 2013 until on or about June 2016, Defendants paid Plaintiff Corona $11.00 per hour.

58.    From approximately June 2016 until on or about December 26, 2017, Defendants paid Plaintiff Corona a fixed salary of $800 per week.

59.    Plaintiff Corona was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

60.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Corona regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Corona an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Corona, in English and in Spanish (Plaintiff Corona's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Corona to purchase "tools of the trade" with his own funds—including ten pairs of non-slip shoes.

*Plaintiff Leonardo Serrano Torres*

64.     Plaintiff Serrano was employed by Defendants from approximately April 2013 until on or about December 2014.

65.     Defendants employed Plaintiff Serrano as a deli worker.

66.     Plaintiff Serrano regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.     Plaintiff Serrano's work duties required neither discretion nor independent judgment.

68.     Throughout his employment with Defendants, Plaintiff Serrano regularly worked in excess of 40 hours per week.

69.     From approximately April 2013 until on or about December 2014, Plaintiff Serrano worked as a deli worker from approximately 6:00 a.m. until on or about 4:00 p.m. Mondays through Fridays and from approximately 6:00 a.m. until on or about 7:30 p.m. to 8:00 p.m. Saturdays (typically 63.5 to 64 hours per week).

70.     Throughout his entire employment, Defendants paid Plaintiff Serrano his wages in cash.

71.     From approximately April 2013 until on or about December 2014, Defendants paid Plaintiff Serrano $9.50 per hour.

72.     Plaintiff Serrano's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

73.     For example, Defendants required Plaintiff Serrano to work an additional 30 minutes after his scheduled departure time on Saturdays, and did not pay him for the additional time he worked.

74.     Plaintiff Serrano was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

75.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Serrano regarding overtime and wages under the FLSA and NYLL.

76.     Defendants did not provide Plaintiff Serrano an accurate statement of wages, as required by NYLL 195(3).

77.     Defendants did not give any notice to Plaintiff Serrano, in English and in Spanish (Plaintiff Serrano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Serrano to purchase "tools of the trade" with his own funds—including three pairs of non-slip shoes and four pairs of pants.

*Defendants' General Employment Practices*

79.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate spread of hours pay and overtime compensation as required by federal and state laws.

80.     Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

81.     Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

82.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

83.     Plaintiffs were paid their wages entirely in cash.

84.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

88.     Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.     Plaintiffs bring their FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

91.     At all relevant times, Plaintiffs and other members of the FLSA Class and Rule 23 Class were similarly situated in that they had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

92.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

93.    Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

94.    Plaintiffs bring their New York Labor Law minimum wage, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

95.    The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

96.    There are questions of law and fact common to the Class including:

a)   What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c)   What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d)   Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage within the meaning of the New York Labor Law;

e)   Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

f)   At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

g)   What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for minimum wage.

97.    The claims of the representative parties are typical of the claims of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

98.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

99.    The common questions of law and fact predominate over questions affecting only individual members.

100.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual

plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

101.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

102.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

103.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA and Rule 23 Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

104.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

105.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

106.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23

class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**
**OF THE NEW YORK COMMISSIONER OF LABOR)**

110.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.    Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

112.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE NOTICE AND RECORDKEEPING**
**REQUIREMENTS OF THE NEW YORK LABOR LAW)**

114.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

115.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

116.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

117.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    With each payment of wages, Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

119.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.     Defendants required Plaintiffs (and the FLSA and Rule 23 class members) to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA and Rule 23 Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA and Rule 23 Class members;

(e)　　Awarding Plaintiffs and the FLSA and Rule 23 Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)　　Awarding Plaintiffs and the FLSA and Rule 23 Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)　　Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs (and the FLSA and Rule 23 class members);

(h)　　Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(i)　　Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(j)　　Awarding Plaintiffs (and the FLSA and Rule 23 class members) damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(k)　　Awarding Plaintiffs (and the FLSA and Rule 23 class members) damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l)　　Awarding Plaintiffs and FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated

damages pursuant to NYLL § 198(3);

(m)     Awarding Plaintiffs and the FLSA and Rule 23 Class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiffs (and the FLSA and Rule 23 Class members) the expenses incurred in this action, including costs and attorneys' fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
          January 5, 2018

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                         By:         /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200
                                        Facsimile: (212) 317-1620
                                        *Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Francisco Alejandro Gonzalez Sanchez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                              02 de enero de 2018

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

—————

Faillace@employmentcompliance.com

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

January 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                      Jose Luis Corona Avila

Legal Representative / Abogado:      Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                       02 de enero de 2018

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

January 2, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Leonardo Serrano Torres

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     2 de Enero 2018

*Certified as a minority-owned business in the State of New York*